# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| WILLIAM N. TYQUIENGCO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | CIVIL CASE NO. 12-00007<br><br>**DECISION AND ORDER RE PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY'S FEES [42 U.S.C. § 406(b)]** |

On March 31, 2016, Plaintiff William N. Tyquiengco's ("Tyquiengco") counsel, Harvey P. Sackett ("Sackett") filed an Application for Award of Attorney's Fees ("Application," ECF. No. 41). Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), filed a Response to Sackett's's Application (ECF No. 42), and Sackett subsequently filed a Reply (ECF No. 44).[1] After reviewing the parties' submissions, and relevant caselaw and authority, the court hereby **GRANTS** the Application.

## I. PROCEDURAL OVERVIEW[2]

On May 14, 2012, Tyquiengco filed a Complaint seeking judicial review of the

---

[1] Sacket filed a request for status of the application on June 1, 2016 (ECF No. 45).

[2] The lengthy factual background of this case is known to the parties, and the court need not recount it in this order.

1

Commissioner's decision denying Tyquiengco's application for social security disability and supplemental security income benefits. Compl. ¶¶ 1-2, ECF No. 1. On January 11, 2013, Tyquiengco filed a Motion for Summary Judgment requesting the court to reverse the Commissioner's adverse decision and remand for immediate payment, or alternatively, to remand for further administrative proceedings. Mot. Summ. J. 28-29, ECF No. 21. On March 11, 2013, the Commissioner filed a Cross-Motion for Summary Judgment, requesting that the court affirm the denial. Cross-Mot. & Mem. Summ. J., ECF Nos. 24 & 25. On March 21, 2014, the court granted Tyquiengco's Motion for Summary Judgment, denied the Commissioner's Cross-Motion for Summary Judgment, and remanded the matter for further administrative action. Order, ECF No. 35.

On June 11, 2014, the parties stipulated that Tyquiengco be awarded attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of nine thousand dollars and no cents ($9,000.00). Stipulation 1, ECF No. 39.[3] On June 12, 2014, the court approved the stipulation and ordered the Commissioner to pay EAJA fees to Tyquiengco in the amount of $9,000.00, absent any offset allowed. Order, ECF No. 40. This award was made without prejudice to the rights of Tyquiengco's counsel to seek attorneys' fees under 42 U.S.C. § 406 of the Social Security Act, subject to the provisions of the EAJA. Order 2, ECF No. 40

On September 23, 2015, subject to this court's remand, an Administrative Law Judge ("ALJ") found the deceased wage earner[4] disabled and entitled to disability and disability

---

[3] Section 2412(d) of Title 28 of the United States Code states in pertinent part that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C.A. § 2412(d)(1)(A).

[4] Sacket stated in the Application that Tyquiengco died on May 4, 2013. App. 2, ECF No. 41. Sacket's counsel has not made a Fed. R. Civ. P. 25 statement noting death, nor is he seeking a Rule 25 substitution.

insurance benefits for the period from January 1, 2006 through July 18, 2012. App., Ex. A (Not. Dec.), ECF No. 41-3. Tyler J. Mooren, the deceased wage earner's surviving son and auxiliary beneficiary ("Mooren"), received a gross total of $150,778.00 in retroactive disability insurance benefits. App., Ex. B (Data Sheet), ECF No. 41-4.[5]

On March 31, 2016, Sackett filed the Application, seeking for attorney's fees under 42 U.S.C. § 406(b). App. 1, 14, ECF No. 41. Sacket moves for an award of $27,694.50 for his representation of Tyquiengco in this action, contending that his amount is as a reasonable attorney fee under 42 U.S.C. § 406(b). App. 3, ECF No. 41

On April 21, 2016, the Commissioner filed a response in which she took no position on the reasonableness of the requested amount, but instead analyzed the fee request in a role "resembling that of a trustee for the claimants." Response 5, ECF No. 42.

## II. LEGAL STANDARD

A court may award "reasonable" attorneys' fees not exceeding 25% of past-due benefits under Title II of the Social Security Act for representation of a plaintiff for Title II benefits before that court. 42 U.S.C. § 406(b)(1)(A).[6] Courts review an application for Section 406(b) fees differently than they would review a fee requested under a fee-shifting statute because Section 406(b) does not authorize the prevailing party to recover fees from the losing party. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). "Section 406(b) is of another genre [because

---

[5] This amount reflects $100,541.00 payable to Tyquiengco, and $50,237.00 payable to Tyquiengco's minor beneficiary son. *See* App., Ex. B (Data Sheet), ECF No. 41-4. The printout submitted by Sackett contains an error in the calculation. App., Ex. B (Data Sheet), ECF No. 41-4. Four months of payments at $1,383.00 were erroneously double counted and reflected in the total amount owed to Tyquiengco, which was listed as $106,073.00. *Id.* The Commissioner represents that the agency has subsequently corrected the calculation error, and the correct past-due amount payable to Tyquiengco is $100,541.00. Response 2, ECF No. 42. Sackett's Reply does not dispute these calculations. Reply, ECF No. 44.

[6] It is a misdemeanor for an attorney to charge his or her client in excess of the limitations within 42 U.S.C. § 406(b)(1). *See* 42 U.S.C. § 406(b)(2).

3

i]t authorizes fees payable from the successful party's recovery," which is essentially a contingency fee. *See id.* Instead, a Section 406(b) fee application involves a two-step analysis by courts. *Id.* at 807: First, the contingent-fee agreement must be within 25% or less of the past-due benefits. *Id.* (citing 42 U.S.C. § 406(b)(1)(A)). Second, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered within the 25 percent boundary. *Id.* (citation omitted).

"Reasonable" as used within Section 406(b) is not determined by the lodestar method typically used by courts when determining reasonableness for attorney's fees awarded under fee-shifting statutes. *See Id.* at 806–07. Rather, courts should approach a Section 406(b) reasonableness inquiry by "looking first to the contingent-fee agreement, [and] then testing it for reasonableness." *See id.* at 808. A court may reduce attorneys' fees if counsel provided subpar representation, engaged in dilatory tactics, or if the requested fee would result in a windfall. *Id.* (citations omitted); *see also Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citations omitted). "In this regard, the court may require the claimant's attorney to submit, not as "a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for non-contingent-fee cases." *Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 741 (6th Cir. 1989)).

Finally, when there is an award of attorney fees under Section 406(b) and also the EAJA, a plaintiff's attorney must "refun[d] to the claimant the amount of the smaller fee." H.R. Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186 (1985); *see also Gisbrecht*, 535 U.S. at 789, 796.[7]

//

---

[7] This statutory amendment is not codified in the United States Code.

4

**III. DISCUSSION**

Sacket requests $27,694.50 in attorneys' fees pursuant to 42 U.S.C. § 406(b)[8] App. 3, ECF No. 41. The fee agreement between Tyquiengco and Sackett and Associates provides that Tyquiengco would pay "a fee no greater than 25% of the past-due benefits owed" if Tyquiengco received a favorable decision at any time following an unfavorable administrative law decision, either at the administrative level or the judicial level. App., Ex. C at 1 (Fee Agreement), ECF No. 41-5. On September 23, 2015, subject to this court's remand, an ALJ found the deceased Tyquiengco disabled and entitled to retroactive disability benefits. App., Ex. A (Not. Dec.), ECF No. 41-3. A gross total of $150,778.00 in retroactive disability insurance benefits was provided to Mooren, the deceased wage earner's surviving son and auxiliary beneficiary. App., Ex. B (Data Sheet), ECF No. 41-4. Thus, the fee agreement entitles Sacket to be paid from the $150,778.00 recovered.

The *Gisbrecht* decision instructs this court to look first to the contingency agreement to determine that the agreement falls within the statutory ceiling of "not over 25% of past-due benefits." 535 U.S. at 808–09. The amount requested in this case falls within the statutory ceiling. Next, the court should consider whether the amount requested is reasonable. *Id.*

As a preliminary matter, no reduction in fees due to substandard performance is warranted in this case because Sackett provided high-quality representation that resulted in substantial past-due benefits to Tyquiengco. 535 U.S. at 806-07; s*ee* App., Ex. A (Not. Dec.), ECF No. 41-3. Furthermore, this court finds no evidence of fraud or overreach in the execution of the 25% contingent-fee agreement warranting a fee reduction. 535 U.S. at 806-07; s*ee* App., Ex. C at 1 (Fee Agreement), ECF No. 41-5.

---

[8] In one instance in the Application, Tyquiengco states that the requested fee amount is $9,079.00. *See* App. 8, ECF No. 41. This appears to be in error, as all other references to the fee request state that the amount is $27,694.50.

5

Under a Section 406(b) analysis, a court is tasked with merely examining the hours as part of an "independent check" of the contingency fee agreement, and is not enter into "satellite litigation" or a lodestar scrutiny of each hour spent. *Gisbrecht*, 535 U.S. at 807–08. Sacket submitted detailed itemized billing records for his work on Tyquiengco's case. App., Ex. E (Billing Records), ECF No. 41-7. From April 13, 2012 until April 16, 2014, Tyquiengco's attorney documented 47.15 hours of work performed on Tyquiengco's court case. *Id.*

This court finds that the hours counsel spent representing Tyquiengco, viewed as a whole, are reasonable. Sacket conducted extensive work in this case, including review of the administrative record, submission of a 36-page motion for summary judgment, the preparation of an opposition to the Commissioner's cross motion for summary judgment, and also presented oral argument on these motions. The subject matter of this case was complex and involved delving into Tyquiengco's residual functional capacity to perform work, and extensive and numerous conflicts of medical and vocational opinion and analysis. As a result of Sacket's representation, Tyquiengco received a favorable ALJ decision and a considerable gross award of $150,778.00 in retroactive disability insurance benefits. *See* App., Ex. A (Not. Dec.), ECF No. 41-3.

Moreover, no reduction in fees for dilatory conduct is warranted because Sackett caused no excessive delay. The parties filed a stipulation to continue a scheduling conference on a single occasion to accommodate the Commissioner's response to Tyquiengco's Complaint. *See* Stipulation, ECF No. 8. Tyquiengco never filed any other motion or stipulation to continue the proceedings.

Finally, the fees requested are not excessive in relation to the benefits award. The $27,694.50 amount requested is roughly 18% of the amount awarded to Tyquiengco, which is

6

significantly below the 25% contingency fee bargained for in the fee agreement. *See* App., Ex. C at 1 (Fee Agreement), ECF No. 41-5.A 25% fee amount would have been $37,694.50, but counsel voluntarily reduced fees substantially from the allowable 25%. Sackett assumed significant risk in accepting this case, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the case.[9] *See Crawford*, 586 F.3d at 1151–52.

The risk of loss in this case was high because Tyquiengco's theory of disability involved a lengthy and complicated medical and vocational history. *See* App., Ex. A (Not. Dec.), ECF No. 41-3. Further, medical evidence relied upon by the ALJ in the initial administrative hearing decision was viewed by the agency as supporting the ALJ's findings regarding the absence of a disabling impairment. *See id.* Such evidence and arguments supporting the ALJ's decision gave Tyquiengco's case a serious risk of loss. *See Pearce v. Astrue*, No. 3:05-cv-217-J-TEM, 2008 WL 179022 at *3 (M.D. Fla. Jan. 17, 2008) ("Those counsel who . . . enter the case at the district court level, take a case that has previously lost at four administrative levels" which implies high risk). Consequently, Sacket's risk of loss justifies the amount which amounts to an hourly fee of $587.37. *See* App. 3, 9, ECF No. 41.

Sacket represents that his hourly rate for non-contingent (hourly) representation of a social security claimant can reach $653.00 per hour. App. 11, ECF No. 41. He also states that he has practiced law for over 38 years, and has exclusively practiced social security law since 1980. *Id.* at 12. Additionally, Sacket maintains that he has successfully represented over ten

---

[9] Sacket provided to the court a disability appeals workload chart for fiscal year 2013 from the National Organization of Social Security Claimants Representatives (NOSSCR). App, Ex. D (NOSSCR Chart), ECF No. 41-6. According to the chart, appeals of unfavorable benefits decisions to the federal court level result in only 2% of claims being allowed outright, with 42% being remanded for further proceedings. *Id.* Sackett further cites to a report published by the Social Security Advisory Board in 2006 which states that "[i]n 2004, 67 percent of court remands were subsequently allowed by the agency." App. 9, ECF No. 41(citing Soc. Sec. Advisory Bd., Disability Decision Making: Data and Materials (May 2006), at 89).

7

thousand (10,000) claimants in these matters, and has served as the Chairperson of the Santa Clara County Bar Association Committee on Social Security Law and as the California State Chairperson for NOSSCR. *Id.* Furthermore, he has published articles and spoken at legal affairs programs and conferences about social security law. *Id.*

Sacket submits statistical data for hourly rates for attorneys as of January 1, 2014, from San Francisco, Oakland and San Jose, California. *See* App., Ex. F (Hourly Billing Rates ECF No. 41-8. This compilation data, according to Sacket, shows that an attorney with his experience earns approximately $630.00 per hour on a non-contingent basis in the relevant local marketplace for legal services, which would place him in the "ninth decile" category of attorneys with 31 years or more of experience. *Id*; App. 11-12, ECF No. 41. Given counsel's lengthy career and experience in social security law, it appears reasonable that he would be in the ninth decile and could charge an hourly rate in excess of $600.00.

There are other reasons that an hourly rate of $587.37 is reasonable in this case. First, because as *Gisbrecht* instructs, the court is not to apply a lodestar analysis when examining the $587.37 hourly rate, so any strict analysis of a reasonable hourly rate is improper. 535 U.S. at 807. Second, because Sacket accepted this case on a contingency basis, with a risk of losing the case and receiving no fee, he is entitled to more than a typical hourly rate.[10]

---

[10] *See, e.g.*, *Crawford*, 586 F.3d at 1145 (The Ninth Circuit awarded Section 406(b) fees to the attorneys where hourly rates in the ninth decile were $429.95 for partners, $319.90 for associates, and $153.55 for paralegals. The concurring and dissenting opinion stated that this would translate to hourly rates of $519.00, $875.00, and $902.00. *Id.* at 1155 (Clifton, J. and Kozinski, J., concurring in part and dissenting in part)); *Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1034–35 (C.D. Cal. 2006) (The court found a reasonable award for Section 406(b) attorney's fees to be an effective hourly rate of $600.00 per hour without comparing typical hourly rates where plaintiff was awarded approximately $80,000 in past due benefits.); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365–66 (N.D. Ga. 2005) (The court approved Section 406(b) attorney's fees at a $643.00 effective hourly rate where Plaintiff received $112,231 in past due benefits, and where attorney had practiced almost exclusively on social security matters for twenty of the last twenty-seven years he had practiced law.); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036–38 (N.D. Cal. 2003) (The court approved Section 406(b) attorney's fees at a $450.00 effective hourly rate for attorney (Sackett) who would normally charge $300 per hour, and had practiced social security law exclusively for twenty-three years where the plaintiff was awarded $137,850.68 in past due benefits.).

8

Sacket diligently represented Tyquiengco before this court and obtained a favorable ruling and substantial award of benefits in a complicated case in which Tyquiengco's counsel risked receiving no fee award. Therefore, the court finds the requested Section 406(b) fee amount to be reasonable.[11]

## IV. CONCLUSION

The requested attorneys' fees are reasonable and within the statutory cap set by Congress. Accordingly, the court **GRANTS** Tyquiengco's Application for attorneys' fees under 42 U.S.C. § 406(b). Tyquiengco is ordered to pay his counsel, Sackett and Associates, twenty-seven thousand, six-hundred-ninety-four dollars and fifty cents ($27,694.50). As this award is provided pursuant to Section 406(b) and the EAJA, Sacket & Associates is ordered to refund the EAJA fee award of nine thousand dollars and no cents ($9,000.00) to Tyquiengco's estate.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Sep 02, 2016**

---

[11] Tyquiengco argues that the court should consider the EAJA offset amount of $9,000.00 when determining if the $27,694.50 amount is reasonable. App. 13, ECF No. 41. This court disagrees. *Gisbrecht* discusses the relationship between the EAJA and Section 406(b), but never stated that the court should consider an EAJA award when weighing the reasonableness of a Section 406(b) fee. *See* 535 U.S. at 795–97 (discussing the EAJA).